IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUTION MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff has moved for to compel production in response to his Third Set of Requests for Production. However, as more fully set forth below, most of the documents sought have actually been provided or do not exist. The only items not previously produced are archived computer data records which are now being produced and deposition transcripts which contain non-public financial information respecting non-parties the production of which is barred by federal law. For the following reasons, Trans Union respectfully submits that plaintiff's Motion to Compel lacks merit and/or is moot and ought to be denied.

**REQUESTS 1 and 3 – Manuals – previously produced**

These manuals have already been produced. Plaintiff's original Interrogatories sought information respecting the identification of "manuals" containing defendant's "policies and procedures for gathering or obtaining, verifying and publishing credit histories and information." Plaintiff's Interrogatory 5. The parties entered into a Court approved Confidentiality Order on November 18, 2004. Trans Union thereafter produced the materials on November 29, 2004 as a supplemental discovery response. Plaintiff's instant Requests 1 and 3 duplicate the

Interrogatory. As such, the Requests have been fully responded to and the Motion is moot as to Requests 1 and 3.

**REQUEST 5 – History Search Summary – previously produced**

History Search Summaries are automated records of each time a Trans Union consumer relations associate does something to the database through the Consumer Relations System respecting a consumer. The record was produced to plaintiff's counsel with Trans Union's Initial Disclosures in or about March 2004. The Request was unnecessary and should not have been the subject of a motion to compel.

**REQUEST 6 – Archived Records – reasonable number being produced**

This request seeks archived records of Trans Union's database referred to as "name scans" or "snapshots." Trans Union's database is fluid, changing daily with new information provided by credit grantors and other sources. Snapshots are somewhat random coded records of particular day during each month. Snapshots are not kept for any individual consumer as part of Trans Union's day to day business. Therefore, snapshots for plaintiff (or any other individual) do not "exist" to be printed, copied and produced. Instead, creating snapshots from the database requires computer and programmer time and effort and impacts Trans Union's day to day business.

In connection with this litigation, Trans Union previously generated certain snapshot records for the period March 1998 through September 2002. If plaintiff seeks other dates and limits his request to a reasonable number and time, Trans Union will agree to produce such records.

**REQUESTS 2 and 4 – Dispute Statistics and Consumer Reports – do not exist**

Request 2 seeks "any statistics compiled" respecting consumer disputes of "mixed credit files." Subject to issues of fraud and identity theft, a mixed file generally refers to a report which contains information for the consumer as well as some other consumer with the same or similar identifying information. Consumers rarely know and convey the fact that another person's information may be or is on the consumer's file. Thus disputes routinely communicate the claim of an inaccuracy, not the why. Trans Union does not compile a list of confirmed mixed file disputes and therefore does not have a document responsive to Request 2.

Request 4 concerns copies of "archived consumer reports and subscriber version credit reports." Trans Union only maintains an automated record of reports furnished to third parties for approximately ninety (90) days. Because plaintiff's dispute requests information which is all from much older than 90 days, no documents exist and Trans Union has responded accordingly. Of course, the third party which was furnished the report might have retained a copy pursuant to ECOA and TILA rules.

**REQUEST 7 – Employee Deposition Transcripts – Barred by FCRA/GLB**

Plaintiff seeks copies of all depositions given by one of Trans Union's corporate representatives, Eileen Little. Trans Union has interposed an objection to the Request because the content of the depositions, testimony and exhibits, contains highly confidential non-public financial information of non-party consumers as well as copies of such individuals credit reports, and other financial records. Disclosure of such materials and information, particularly without notice to the former consumer plaintiffs in those cases, may or will constitute a violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., (the "FCRA")(See e.g. FCRA §1681b, "Permissible Purposes for Reports") and Graham Leach Bliley, 15 U.S.C. 6801, et seq.(the

"GLB"). Thus no disclosure of information can be made without notice to each former plaintiff and the right to be heard. The patent violation of the privacy rights of non-party consumers and real risk to them of identity theft if their information is freely released weighs heavily against disclosure of information which will not assist plaintiff is prosecuting his claim. Therefore it is respectfully submitted that plaintiff's Motion be denied and the Objection sustained.

**CONCLUSION**:

Plaintiff's motion lacks merit because virtually all of the Requests were either responded to months ago or have been in response to his Third Request. For the reasons more fully set forth above, Trans Union respectfully submits that plaintiff's motion should be denied.

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
Timothy P. Creech
SATZBERG, TRICHON,
KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688

*Counsel for Defendant,*
*Trans Union LLC*

DATED: June 9, 2005

Certified mailed to Charles [illegible]
6/15/05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | |
| TRANS UNION LLC, Defendant. | ) | C.A. No: 04-70-S |

**TRANS UNION LLC'S RESPONSES TO**
**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION**

1. Trans Union's policy manuals, procedures manuals or other documents which address its policies practices and procedures in the investigation or reinvestigation of credit data.

**RESPONSE: Trans Union supplied the relevant manuals on November 29, 2004 pursuant to the parties November 18, 2004 Court approved Confidentiality Order.**

2. Any statistics compiled on an annual basis about the number of disputes Trans Union received complaining of or disputing inaccurate data allegedly due to mixed credit files during the years 1999 through 2004 inclusive.

**RESPONSE: None. Trans Union does not maintain statistics which compile confirmed or actual mixed file disputes.**

3. Any and all policy manuals, procedures manuals or other recordings or documents of any kind which address policies, practices and procedures in assuring the maximum possible accuracy of data posted, maintained or disseminated by Trans Union.

**RESPONSE: Trans Union supplied the relevant manuals on November 29, 2004 pursuant to the parties November 18, 2004 Court approved Confidentiality Order.**

4. Each archived consumer disclosure and subscriber version credit report maintained about plaintiff for the years 1995 to 2004 inclusive.

**RESPONSE: None. Trans Union only maintains automated copies of consumer reports furnished to third parties for approximately 90 days. There are no such records responsive to plaintiff's request. Disclosures requested by and given to plaintiff (and all consumers) are stored for a longer period of time. All such disclosures were previously produced to plaintiff.**

5. A complete copy of each and every consumer history search summary for all File Identification Number data files generated by Trans Union's computer system and which has

been included or attached to any disclosure or credit report pertaining to or about plaintiff.

**RESPONSE: These materials were identified and produced to plaintiff along with Trans Union's Initial Disclosures in or about March 2004.**

6. A copy of each scan, A name scans at and A archived [sic] credit data files at or otherwise archived [sic] reports or data file generated which contain any of plaintiff's personal identifiers. This request includes parallel archived data files.

**RESPONSE: Trans Union objects to this interrogatory because it is without time limitations and is therefore overly broad and burdensome. Trans Union further objects on the grounds the Request is not reasonably susceptible to response. To the extent plaintiff seeks archived or snapshot records of Trans Union's database respecting plaintiff, such records can be created for certain (random) days for each month, but the effort requires computer and programmer time and effort and impacts Trans Union's day to day business. The snapshots for a particular consumer are not readily available or kept in a form which can be produced as part of Trans Union's day to day business. In connection with this litigation, Trans Union previously generated and produced herewith snapshot records for the period March 1998 through September 2002. If plaintiff seeks other dates and limits his request to a reasonable number and time, Trans Union will produce such records.**

7. Transcripts of testimony of deposition or in court [sic] of Eileen Little in the years 1997 to 2004 inclusive.

**RESPONSE: Trans Union objects to this interrogatory on the grounds it is overbroad, unduly burdensome and not relevant to the claims or defenses of any party. In addition, all such transcripts contain confidential and proprietary non-public financial and account history information relating to non-party consumers either in the form of exhibits such as credit reports and account records and dispute letters, or testimony about such information, all of which is subject to protection by the Graham-Leach-Bliley Act and the Fair Credit Reporting Act.**

KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: June 15, 2005