**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S LOCAL RULE 12.1(a)(1)**
**<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, submits the following material facts for which there is no genuine issue to be tried.

1. Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*. (the "FCRA"). §1681a(f).

2. V&M Holding Company is a corporation in which plaintiff is a 50% owner. (Plaintiff's Dep., pp. 11-12) V&M Holding is not a "consumer" as defined by the FCRA.

3. In or about July 2003, V&M Holding applied to Citizens Bank to refinance its commercial mortgage. Plaintiff's Dep., p. 45.

4. In or about August 2002, V&M Holding applied to Fleet for a "Business Credit Card". Plaintiff's Dep., p 26

5. In connection with V&M Holding's applications to Fleet on November 20, 2002, April 16, 2003 and April 19, 2004, Fleet was furnished reports from Experian, not Trans Union. (See Exhibit "7")

6. V&M Holding has never sold products on eBay and sells virtually nothing outside of random occasions when it finances jewelry sales by plaintiff's other business. Plaintiff's Dep., p. 14 There are no records respecting such sales. *Ibid*.

7. Plaintiff's auto loan with Citizens Bank was not adversely impacted by a Trans Union consumer report and there is no evidence or information to the contrary. Plaintiff's Dep., p. 71

8. Plaintiff has adduced no evidence that any transaction between plaintiff and Sovereign Bank was adversely impacted by a Trans Union consumer report.

9. Plaintiff's refinance application with American Mortgage was not adversely impacted by a Trans Union consumer report and plaintiff adduced no evidence to the contrary. Plaintiff's Dep., p. 50.

10. Plaintiff has adduced no evidence that respecting the amount or possible interest rate of the Fleet home equity loan he sought in November 2002. Plaintiff's Dep., p. 33.

11. Plaintiff gave away $120,000.00 of the $127,000.00 in proceeds of the sale of the tax free bonds. Plaintiff's Dep., p. 52.

12. Plaintiff has adduced no evidence to establish the difference in the cost to him of making the Fleet home equity loan as opposed to selling the tax free bonds.

13. Plaintiff has adduced no evidence to establish (or explain) the loss or damage to him resulting from the sale of the tax free bonds or the denial of the Fleet home equity loan.

14. Trans Union's investigator made a mistake when he left the bankruptcy on plaintiff's file following the communication from Hogan. Little Dep., p. 73-75

15. Plaintiff adduced no evidence that Trans Union acted willfully or violated the FCRA with conscious disregard for his rights or that Trans Union acted with malice or intent to injure plaintiff.

17. Plaintiff adduced no evidence that he suffered emotional distress damages as a result of anything Trans Union did in violation of the FCRA.

18. Plaintiff has not sought medical treatment in connection with this matter. (Plaintiff's Answer to Interrogatory 15, Exhibit "5")

Respectfully submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
Timothy P. Creech
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*
DATED: June 20, 2005