03 027

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JOHN VALVO

VS C. A. NO. 04 70S

TRANS UNION, LLC

## STATEMENT OF DISPUTED MATERIAL FACTS

1. V & M Holding was denied a credit card in September of 2002 based on an inaccurate entry in plaintiff's credit report issued by Trans Union.

2. Plaintiff was unable to establish an eBay website as a result of Fleet Bank's denial of credit in September 2002.

3. Plaintiff suffered a loss of income as a result of said denial of credit in September 2002.

4. Plaintiff was denied a line of credit in November of 2002 by Fleet Bank because of an inaccurate entry in plaintiff's credit report issued by Trans Union.

5. Because plaintiff could not obtain a line of credit with Fleet Bank in November of 2002, he had to sell government bonds before maturity at a loss.

6. Plaintiff suffered a loss in the sum of $22,500.00 from the sale of the bonds and incurred tax liability.

7. Plaintiff has adduced evidence of the loss or damage he suffered as a result of the sale of the tax free bonds and the denial of the Fleet home equity loan.

8. Because of the adverse and inaccurate information in the Trans Union credit report, plaintiff refinanced his home at a rate that was higher than the rate available from the bank where he usually did his banking.

9. Trans Union's procedures for reinvestigating consumer credit disputes in 2002 and 2003 were unreasonable.

10. Trans Union's investigator left the inaccurate bankruptcy entry on plaintiff's credit file as a result of Trans Union's unreasonable procedures.

11. At all times material hereto, Trans Union's procedures for investigating consumer complaints were unreasonable and reckless in that there were inadequate safeguards to insure that information being transmitted to Trans Union's customers was accurate.

12. Trans Union's procedures, specifically the lack of supervision review and cross checking during reinvestigation of consumer disputes, were willful and reckless.

13. Trans Union acted willfully and violated the Fair Credit Reporting Act with conscious disregard for plaintiff's rights.

14. As a result of the inaccurate entry in the Trans Union credit report, plaintiff suffered humiliation, anxiety and embarrassment and is entitled to damages for emotional distress.

Plaintiff, John Valvo, by his attorney,

CHARLES N. REDIHAN, JR. (1810)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

TO Kevin C. Glavin, Esq.
Cutcliffe, Glavin & Archetto
155 South Main Street, Suite 300
Providence, RI 02903

Mark E. Kogan, Esq.
Bruce S. Luckman, Esq.
Timothy P. Creech, Esq.
Saltzberg,Trichon,Kogan & Wertheimer,PC
1818 Market St., 30th Floor
Philadephia, PA 19103

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: 7-25-05