**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO,<br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No: 04-70-S |

**TRANS UNION LLC'S MOTION TO STRIKE**
**UNTIMELY AFFIDAVIT OF RICHARD LeFEBVRE**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, moves, pursuant to Fed.R.Civ.P. 26 and 37(c) to Strike the Affidavit of Richard LeFebvre (Docket #54) for failure to timely identify the witness in response to specific discovery responses or under Fed.R.Civ.P. 26, or to serve a report, and for the reasons and authorities for this motion is set forth more fully in the attached Memorandum of Law.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: August 15, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO,<br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No: 04-70-S |

**TRANS UNION LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE UNTIMELY AFFIDAVIT OF RICHARD LeFEBVRE**

**INTRODUCTION:**

The Court's original April 20, 2004 Pretrial Order called for discovery to close and dispositive motions to be filed on or before October 20, 2004. (Docket #8) The parties sought three additional extensions which the Court approved, extending discovery and dispositive motions to June 20, 2005. (Docket #s18, 19, 27, 28, 33, 34) Despite over one year of discovery and the automatic disclosure requirements of Rule 26a(2), plaintiff failed to identify Richard LeFebvre as a witness until he served his purported "Supplemental Answers to Defendant's Interrogatories" **dated June 20, 2005, the very last day of discovery** as extended. Mr. LeFebvre has **not** been identified as an expert. Consistent with the failure to call him an expert, no report or resume has been received as of this date.[1] For these reasons alone, the witness and his irrelevant Affidavit should be stricken.

On July 25, 2005, plaintiff filed his "Objection" to Trans Union's motion for summary judgment which improperly relies upon an attached Affidavit of Richard LeFebvre. ("the LeFebvre Affidavit") It is respectfully submitted that the LeFebvre Affidavit should be stricken

[1] Counsel for Trans Union has seen Mr. LeFebvre's resume in other cases and is aware LeFebvre has never been qualified as an expert to testify at trial by any federal judge.

as untimely, irrelevant and unfairly prejudicial. Trans Union further submits that Mr. LeFebvre cannot pass a Daubert challenge. However, because no report has been served and Mr. LeFebvre was not identified until the day discovery closed, Trans Union has been effectively precluded from deposing Mr. LeFebvre or otherwise mounting such a challenge. As a result of plaintiff's ambush strategy, Trans Union has been and is unfairly and substantially prejudiced in defending this action and replying to plaintiff's "Objection" to summary judgment.

Because plaintiff did not (and has not) disclosed Mr. LeFebvre as an expert, did not timely identify him as a witness, and failed to serve a report, Trans Union respectfully submits that the Lefebvre Affidavit should be stricken and plaintiff precluded from calling Mr. LeFebvre as a witness at trial.

**BACKGROUND**:

This action was commenced in March 2004. Trans Union served its written discovery in July 2004. Trans Union's Interrogatories expressly sought information respecting expert witnesses. Plaintiff's August 2004 response made absolutely no reference to Mr. LeFebvre, and informed only that "no experts have yet been retained". See Interrogatory answers, Trans Union's Motion for Summary Judgment, Exhibit "5".

Ten months after plaintiff's original response and on the last day of discovery, plaintiff served his purported Supplemental Answer to Interrogatories which first "identified" Mr. LeFebvre, but not as an expert:

> Interrogatory 17. Identify every person you intend to call as a witness at trial, **including expert witnesses,** and identify every person known to you that has any knowledge about the facts and/or circumstances of the allegations made in your complaint and identify all documents which refer to your response to this interrogatory. (emphasis supplied)
>
> SUPPLEMENTAL ANSWER: I will testify at trial and the following people may testify at trial: ….. Richard LeFebvre, AAA

> Credit Bureau, Inc. 2532 N. 4th Street, Suite 333, Flagstaff, Arizona 86004. (Exhibit "A" hereto)

Despite Trans Union's Interrogatory requests and plaintiff's obligations under the Rules of Civil Procedure, plaintiff failed to identify Mr. LeFebvre in his initial automatic disclosures, discovery responses, or any other document served prior to the June 20, 2005 discovery cutoff. To this day, plaintiff has not even produced an expert report or resume.

**ARGUMENT**

Plaintiff's willful failure to disclose Mr. LeFebvre as a witness or to ever provide a report is conduct which is subject to the sanction of preclusion under Rule 37. Plaintiff cannot in good faith argue any basis or justification for failing to timely identify Mr. LeFebvre or to seek additional time to do so. Accordingly, Trans Union submits the Affidavit ought to be stricken and Mr. LeFebvre precluded from testifying at trial.

Rule 26. General Provisions Governing Discovery; Duty of Disclosure, provides in pertinent part:

> 2) Disclosure of Expert Testimony.
>
> (A) In addition to the disclosures required by paragraph (1), a party **shall** disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure **shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . **be accompanied by a written report prepared and signed by the witness.** The report **shall** contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [requirements to disclose information and documents considered; any exhibits to be used; and qualifications, resume and compensation omitted](emphasis supplied)

Here, the thrice extended discovery closed on June 20, 2005, the date of plaintiff's woefully incomplete disclosure of Mr. LeFebvre. Long established

court of appeals precedent establishes that the witness and LeFebvre Affidavit should be stricken to sanction plaintiff's failure to disclose.

The court of appeals has often explained why sanctions are warranted for failures to disclose. In Romero v. American Airlines, et al., 194 F.3d 288; 1999 U.S. App. LEXIS 26922; 44 Fed. R. Serv. 3d (Callaghan) 1157 (1st Cir. 1999):

> Rule 37(c)(1) provides an exclusionary sanction for failures to disclose witnesses as required by Fed. R. Civ. P. 26: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness . . . not so disclosed." A district court's Rule 37 sanctions decision is reviewed for abuse of discretion. See Barreto v. Citibank, 907 F.2d 15, 16 (1st Cir. 1990) (per curiam). **Here, it is undisputed that Machado and Quidgley were not disclosed in response to plaintiff's interrogatories, as required by Rule 26. American offered no excuse for failing to disclose Machado and Quidgley while discovery was open,** stating only that it was now "forced" to call upon unannounced witnesses since del Valle and Voltaggio, its originally designated witnesses, no longer occupied the same positions they held at the time of the accident. The court noted, however, that del Valle and Voltaggio, regardless of any change in position, were currently employees of American, subject to its control and available to testify. On these facts, we find no abuse of discretion in the court's refusal to allow unannounced witnesses to testify. (emphasis supplied)

Instantly, plaintiff either knew or should have known the identity of a witness (or "unannounced" expert) before the day discovery closed. Moreover, there can be no reasonable justification for their failure to identify Mr. LeFebvre at all before that date or to ask for yet another extension. Discovery was liberally extended by the Court and plaintiff and his counsel had over one year to identify the witness and/or retain an expert. If, in fact, plaintiff retained Mr. LeFebvre earlier in the litigation, but failed to timely identify him, the failure was not just

**in**excusable neglect, but sanctionable conduct. Either way, there is no "extenuating" circumstance.

In Klonoski v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998), the court of appeals explained:

> Absent some unusual extenuating circumstances . . . the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from trial.

Finally, in Ortiz-Lopez v. Sociedad Espanola, 248 F.3d 29, 35-36 (1st. Cir 2001), the court of appeals discussed a collection of cases which held exclusion sanctions were warranted, all of which make clear that plaintiff's untimely and inadequate identification of Mr. LeFebvre here should be stricken:

> The purpose of a "detailed and complete" expert report as contemplated by Rule 26(a), Fed. R. Civ. P. 26 advisory Committee's note, is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial. See Klonski, 156 F.3d at 269; Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995). See also Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992) (stating that "this sort of disclosure is consonant with the federal courts' desire to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent"). Failure to include information concerning the retained expert that is specifically required by Rule 26(a)(2)(B) -- such as "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding for years", see Rule 26(a)(2)(B) -- frustrates the purpose of candid and cost-efficient expert discovery.
>
> **As discussed, *infra*, the district court was entitled to conclude on this record, as it did conclude, that plaintiffs' failure to comply with the automatic disclosure rule of Rule 26(a) was both without substantial justification and not harmless.** For this, the district court - after hearing argument from both sides - sanctioned the plaintiffs by excluding their expert testimony entirely, a harsh sanction to be sure, but one that is nevertheless within the wide latitude of the rule. [Footnote omitted] See Fed. R. Civ. P. 37(c) (incorporating Rule 37(b)(2)(B) which authorizes the district court to prohibit the offending party from introducing designated matters in evidence). *See also* Sheek

> v. Badger, 235 F.3d 687, 694 (1st Cir. 2000)(stating that after the district court made a finding that the defendant failed to supplement its expert report as required by the automatic expert disclosure requirements, under Rule 37(c) the district court could have excluded the expert from testifying entirely - "a sanction well within the district court's scope of discretion" - but chose only to exclude those portions of the expert's testimony based on the undisclosed information); Samos Imex Co. v. Nextel Co., 194 F.3d 301, 305 (1st Cir. 1999) (citing Rule 37(c) as authority for the proposition that **"as amended, the civil procedure rules make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule 26(a)"**); Sears Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming the district court's exclusion under Rule 37(c) of expert testimony because the proffering party failed to disclose the expert's identity in the beginning of the litigation, although the identity was later disclosed); Thibeault, 960 F.2d at 245 (affirming the trial court's preclusion at trial of plaintiff's expert testimony for failure to supplement interrogatories concerning expert's proposed testimony). On this well-developed record indicating that the plaintiffs' disregard of discovery rules was egregious and may have been deliberate and willful, we cannot say this sanction was an abuse of discretion. See Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999)("A district court's rule 37 sanctions decision is reviewed for abuse of discretion."). We, therefore, affirm the district court's ruling excluding plaintiffs' expert testimony under Rule 37(c).(emphasis supplied)

Plaintiff cannot present any extenuating circumstances to explain his failure to timely identify the witness much less his continuing failure to provide a report. The substantial harm and prejudice to Tran Union in replying to the summary judgment "Objection" or defending at trial cannot be cured by any reasonable means. Therefore, plaintiff's identification of Mr. LeFebvre and the LeFebvre Affidavit ought to be stricken from the record and excluded at trial. No other sanction will avoid plaintiff's unfair attempt to litigate by ambush.

**CONCLUSION**

For all the foregoing reasons and authorities, Trans Union respectfully requests that plaintiff's untimely and inadequately identified expert by precluded at trial and the LeFebvre Affidavit stricken from the record.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: August 15, 2005

05 027 CNR:SH 6/17/05

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED JUN 2 3 2005

JOHN VALVO

VS C. A. NO. 04 70S

TRANS UNION, LLC

**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S INTERROGATORIES**

17. Identify every person you intend to call as a witness at trial, including expert witnesses, and identify every person known to you that has any knowledge about he facts and/or circumstances of the allegations made in your Complaint and identify all documents which refer to your response to this interrogatory.

ANSWER: Objection, privileged. Without waiving the objection, no experts have yet been retained. I expect that bank personnel representatives of defendant, including Joseph Florio of Fleet Bank.

SUPPLEMENTAL ANSWER: I will testify and the following people may testify at trial: Eileen Little, Group Manager, Trans Union LLC; my son, John J. Valvo, 27 Morton Avenue, Johnston, Rhode Island; my daughter, Stephanie Parker Valvo, 93 Lookout Avenue, Johnston, Rhode Island; Joseph Florio, formerly employed at Fleet Bank, Johnston, Rhode Island; Richard LeFebvre, AAA Credit Bureau, Inc., 2532 N 4th Street, Suite 333, Flagstaff, Arizona 86004; Bryant Cauthorn, 251 Bayard Road, Upper Darby, PA 19082. I also expect that credit representatives and records keepers of the Fleet Bank, Sovereign Bank and Citizens Bank may also testify.

John Valvo

Subscribed and sworn to before me under penalty of perjury this 20 day of June, 2005.

CHARLES N. REDIHAN JR
NOTARY PUBLIC

TO Kevin C. Glavin, Esq.
Cutcliffe, Glavin & Archetto
155 South Main Street, Suite 300
Providence, RI 02903

Mark E. Kogan, Esq.
Bruce S. Luckman, Esq.
Timothy P. Creech, Esq.
Saltzberg,Trichon,Kogan & Wertheimer,PC
1818 Market St., 30th Floor
Philadephia, PA 19103

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: 6-20-05 S. Harrison

CERTIFICATION

I, the undersigned, hereby certify that on the 15 day of August, 2005, a copy of the within Trans Union LLC's Motion to Strike Untimely Affidavit of Richard Lefebvre was mailed to the following Attorney of Record for the Plaintiff:

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Kevin C. Glavin