**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO STRIKE**

Trans Union and its counsel extend their best to Mr. LeFebvre and wish him well in his treatments and recovery. However, his unfortunate illness was not the cause of plaintiff's failure to timely disclose and is not germane instantly.

This case was filed in February 2004 and removed to this Court in March 2004. The Court's original April 20, 2004 Pretrial Order called for discovery to close and dispositive motions to be filed on or before October 20, 2004. (Docket #8) Trans Union served its written discovery respecting witnesses and specifically expert witnesses in June 2004 and plaintiff responded in August 2004, without identifying Mr. LeFebvre or naming an expert. Plaintiff was deposed in November 2004 and Plaintiff deposed Trans Union's witnesses in early December 2004.

Despite all the time available, plaintiff's counsel now admits he did not contact Mr. LeFebvre until March 2005 and did not even have a "brief telephone conversation" until April 2005. Plaintiff's Counsel's Affidavit, paras. 1 and 2. Plaintiff further admits he did not seek a report, but instead drafted an affidavit in opposition to summary judgment, bypassing entirely his

disclosure and report duties. Plaintiff admits he did not disclose Mr. LeFebvre until he served his purported "Supplemental Answers to Defendant's Interrogatories" the very last day of discovery as extended and ***one year after the discovery was served.*** (*Id.* at para. 2) To this date, Mr. LeFebvre has not been identified as an "expert" and no report has been served. Plaintiff has not sought to justify or explain why Mr. LeFebvre was identified as a witness, and not an expert witness.

It is respectfully submitted that Mr. LeFebvre's health situation is entirely irrelevant to, did not cause and does not excuse plaintiff's counsel's failure to locate and/or name Mr. LeFebvre earlier in the litigation; request more time to identify witnesses; or make a timely effort to find another witness/expert. Instantly, plaintiff's counsel's excessive references to Mr. LeFebvre's illness are unseemly, given the fact that it was plaintiff's counsel's failure to act, not Mr. LeFebvre's illness, which caused plaintiff to make the untimely and insufficient identification. Most important, nowhere in plaintiff's Opposition does he contend that Mr. LeFebvre's illness prevented plaintiff from identifying an expert, getting another expert or asking the court for more time to do so. Respectfully, Mr. LeFebvre is ill, not plaintiff or his counsel. Plaintiff and his counsel have no excuse for their failure to timely act or to retain a different expert.

Plaintiff's conclusory suggestion that Trans Union is not prejudiced by the late and insufficient identification is frivolous. Trans Union's Motion stated Trans Union's counsel had heard of Mr. LeFebvre from other cases. That knowledge does not relieve plaintiff of his duty to timely identify the witness and present a report in this case. (Trans Union does not suggest the absence of Mr. LeFebvre's resume is a ground to strike the witness. The resume is the only

possible connection between this case and any other.) Plaintiff has not and cannot suggest a report from some other case applies here. Plaintiff cannot seriously contend that the federal rules excuse timely identification in one case where a witness (especially a purported expert) has been identified in a completely unrelated action involving different facts and plaintiff. Plaintiff cites no cases for his contention and does not articulate any reasonable basis to assert an absence of prejudice.

Instead, plaintiff suggests that **Trans Union** "has ample time" to move the Court to reopen discovery and depose Mr. LeFebvre. Although this statement rightly concedes that plaintiff disclosed too late for Trans Union to take a deposition, plaintiff continues to ignore the fact that no report has been served. Moreover, plaintiff boldly seeks to shift the burden to Trans Union to rectify ***plaintiff's*** late disclosure. Trans Union declines that approach as unreasonable.

Finally, plaintiff does not argue that the motion to strike should **not** be granted in connection with summary judgment. Instead, plaintiff seeks refuge in the time between now and an unknown trial date during which Trans Union can attempt to depose Mr. LeFebvre, assuming a report is ever served. As such, for purposes of summary judgment, plaintiff has not opposed the motion to strike, thus Mr. LeFebvre's affidavit can and should be disregarded.

**CONCLUSION**

For all the foregoing reasons and authorities, Trans Union respectfully requests that plaintiff's untimely and inadequately identified witness be stricken from the record until such time as plaintiff can satisfy the rules in connection with witnesses, expert or otherwise.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: September 6, 2005

**CERTIFICATION**

I hereby certify that a copy of the within was forwarded to Charles N. Redihan, Jr., Esquire, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903, on this 6th day of September, 2005.