SCANNED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S MOTION TO SUPPLEMENAL REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, respectfully requests permission to file the attached Supplement to the Summary Judgment Record in Reply to Plaintiff's assertions at oral argument on Summary Judgment and files the following in support of its request:

At oral argument, plaintiff's counsel made certain representations to the Court respecting anticipated testimony of plaintiff's daughter, Ms. Stephanie Parker. Because the assertions were not made in the Objection papers, Trans Union did not have an opportunity to respond. Accordingly, Trans Union respectfully requests permission to file the attached Supplement in response to new assertions made by plaintiff's counsel at oral argument.

Respectfully submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300

Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: September 9, 2005

**CERTIFICATION**

I hereby certify that a copy of the within was forwarded to Charles N. Redihan, Jr., Esquire, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903, on this 9 day of September, 2005.

______________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SCANNED

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S SUPPLEMENAL REPLY TO PLAINTIFFS' OBJECTION TO TRANS UNION'S MOTION FOR SUMMARY JUDGMENT**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, submits the following Supplement to the Summary Judgment Record in Reply to Plaintiff's assertions at oral argument on Summary Judgment:

Trans Union's motion challenged the sufficiency of plaintiff's evidence on emotional distress. Plaintiff's sparse evidence, two words "humiliated and embarrassed" in his opposition affidavit, failed to suffice as a matter of law. At oral argument, plaintiff's counsel represented to the Court that plaintiff's daughter, Ms. Stephanie Parker, would "corroborate" plaintiff's emotional distress claim. Because that suggestion was not contained in plaintiff's actual Objection to Summary Judgment, Trans Union did not have an opportunity to respond and files the instant supplement.

Ms. Parker actually lived with plaintiff for the 17 months preceding her deposition in February 2005. See Parker Deposition, p. 4, attached hereto as Exhibit "1". Ms. Parker was asked about the lawsuit and her knowledge about her father's credit. She testified

that she did not know about the lawsuit until the previous month, and had never talked about or heard anything about her father's credit before that time:

> Q. At about the time you were getting a land loan and acquiring the land in Scituate, did you have any discussions with your father about credit?
> A. My credit?
> Q. Your credit?
> A. No.
> Q. How about his?
> A. Nope.
> Q. Did you ever hear anything about your father's credit before a month or two ago when you discussed this lawsuit for the first time?
> A. No.
> MR. LUCKMAN: Off the record.
> (OFF THE RECORD, 2:23 - 2:24)
> MR. LUCKMAN: I am finished with the witness. Thank you. (Ms. Parker's Dep, pp. 17-18)

As such, Ms. Parker lacks foundation or knowledge and can not testify at trial respecting her father's allege distress over his credit. Trans Union submits Ms. Parker's lack of knowledge bars plaintiff from relying upon her (erroneously) anticipated testimony for purposes of opposing summary judgment on emotional distress.

Finally, plaintiff originally asserted that he was forced to sell his tax free bonds in November 2002 because his daughter, Stephanie Parker had an immediate need for the money to purchase or build a home. Whether forced or not, plaintiff failed to adduce sufficient evidence respecting that transaction to survive summary judgment.

In any event, when Trans Union deposed Ms. Parker she testified unequivocally that she did not need the money until the following year, and not until she sold her existing home. The issue was not relevant to summary judgment and plaintiff seemed to have abandoned

the "urgent" sale argument. But, at oral argument, plaintiff again attempted to insert the argument that the sale of the tax-free bonds was urgent and necessary.

Importantly, plaintiff's counsel properly conceded plaintiff's daughter's testimony was in direct contrast to plaintiff's testimony regarding ***her*** financial needs. Plaintiff's counsel suggested that the conflict was available to Trans Union "impeach" plaintiff at trial, but also constituted an issue of fact preventing summary judgment. (The materiality of the issue is not at all clear and was not explained.)

Because plaintiff's counsel's conceded the inconsistency, Trans Union respectfully submits that ***plaintiff's*** recollection of what his daughter said about ***her*** financial needs is demonstrably unreliable hearsay and not admissible at trial or to oppose summary judgment.

Respectfully submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: September 9, 2005

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JOHN VALVO :
:
VS. : C.A. NO. 04-70-S
:
TRANS UNION, LLC :

DEPOSITION of STEPHANIE PARKER, a witness in the above-entitled cause, taken on behalf of the Defendant before Melanie M. Chace, RPR, Notary Public, in and for the State of Rhode Island, at the offices of Cutcliffe, Glavin & Archetto, 155 South Main Street, Suite 300, Providence, Rhode Island on February 8, 2005 at 3:30 p.m.

PRESENT:

FOR THE PLAINTIFF: ..... KIERNAN, PLUNKETT & REDIHAN
BY: CHARLES N. REDIHAN, JR., ESQ.

FOR THE DEFENDANT: ..... KOGAN, TRICHON & WERTHEIMER, P.C.
1818 MARKET STREET, 30TH FLOOR
PHILADELPHIA, PA 19103-3699
BY: BRUCE LUCKMAN, ESQ.



292cc82d-9f3b-4e7c-8e75-8f9b6f1eec9b

A. Yes.
Q. Who is that?
A. Kiernan, Plunkett & Redihan.
Q. How did you prepare for the deposition today?
A. We went in on Friday and talked with Charlie for a little bit.
Q. I don't want to know anything you might have discussed with Mr. Redihan, but prior to meeting with Mr. Redihan to discuss the case, did you have any idea what this lawsuit was about?
A. Currently I'm living with my parents, so I was somewhat aware, probably about a month ago, that they were bringing the lawsuit. That was about it.
Q. Was that the first you had heard of it?
A. Yes.
Q. You're living with your parents now?
A. Yes.
Q. How long have you been living with your parents?
A. It will be two years in April, so, what is that, a year and seven months.
Q. When did you move in with your parents?
A. April of '03. The years run together.
Q. They do. I'm going to take a step back and ask you where you've been employed outside the home since '97?
A. Since '97, I was a Providence school teacher from,

home equity loan?
A. It was, we refinanced and it was still just one mortgage payment after we refinanced.
Q. Did you have any trouble with your credit or with your husband's credit in doing all these loan transactions?
A. No.
Q. You were able to get the best available rates each time you went to a bank?
A. Yes, well, yeah, we were fine. Because we had, when we had gone for the loan on the land our credit went through no problem, to my recollection.
Q. You never had to contact a consumer reporting agency to complain about any inaccuracies?
A. No.
Q. At about the time you were getting a land loan and acquiring the land in Scituate, did you have any discussions with your father about credit?
A. My credit?
Q. Your credit?
A. No.
Q. How about his?
A. Nope.
Q. Did you ever hear anything about your father's credit before a month or two ago when you discussed this lawsuit for the first time?

A. No.

MR. LUCKMAN: Off the record.

(OFF THE RECORD, 2:23 - 2:24)

MR. LUCKMAN: I am finished with the witness. Thank you.

COURT REPORTER: Mr. Redihan, would you like a copy of this?

MR. REDIHAN: Yes, please.

(DEPOSITION CLOSED AT 2:24 P.M.)

**CERTIFICATION**

I hereby certify that a copy of the within was forwarded to Charles N. Redihan, Jr., Esquire, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903, on this 9 day of September, 2005.