UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN VALVO :
:
v. : C.A. No. 04-70S
:
TRANS UNION LLC :

**MEMORANDUM AND ORDER**

**Background**

Before this Court is Defendant Trans Union LLC's ("Trans Union") Motion to Strike Untimely Affidavit of Richard Lefebvre. (Document No. 55). Plaintiff has filed an objection. This matter has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on September 8, 2005. After reviewing the Memoranda submitted, listening to the arguments of counsel and conducting my own independent research, Trans Union's Motion to Strike the Affidavit is GRANTED in part, as set forth below.

**Statement of Facts**

The present dispute concerns the timeliness of the disclosure of Plaintiff's proposed expert, Richard Lefebvre. Trans Union has moved to strike the Affidavit of Richard Lefebvre as untimely.

The Pretrial Order in this case originally called for the close of discovery on October 20, 2004. The parties sought extensions of that deadline, and discovery ultimately closed on June 20, 2005. On that date, Plaintiff served his "Supplemental Answers to Interrogatories" on Trans Union, which identified Richard Lefebvre as a potential witness, but did not list him as an expert. Also on June 20, 2005, Trans Union filed its Motion for Summary Judgment. In due course, Plaintiff filed

his objection to Trans Union's Motion for Summary Judgment, which included a supporting Affidavit from Mr. Lefebvre, and described him as an expert. To date, Plaintiff has not submitted an expert report for Mr. Lefebvre, and because Mr. Lefebvre was not identified by Plaintiff as an expert until after the close of discovery, Trans Union has not conducted Mr. Lefebvre's deposition.

Trans Union argues that Plaintiff should be sanctioned for its untimely and incomplete disclosure. It asks the Court to strike Mr. Lefebvre's Affidavit and preclude him from being a witness at trial. Plaintiff counters that there are extenuating circumstances for his failure to disclose Mr. Lefebvre as an expert, since Mr. Lefebvre is undergoing treatment for cancer. Plaintiff also argues that the late disclosure is harmless and does not prejudice Trans Union, since it can move to reopen discovery in order to depose Mr. Lefebvre.

**Analysis**

Plaintiff does not dispute that he made an untimely disclosure of his expert. Plaintiff also does not dispute that this untimely disclosure results in a violation of Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff instead asserts that his violation of the Federal Rules of Civil Procedure and this Court's Pretrial Order was harmless. Plaintiff's entire argument, however, focuses on Mr. Lefebvre's personal situation, including his recent illness, and does not explain Plaintiff's own inaction, or why Plaintiff did not make any efforts to make a partial, even if incomplete, disclosure or report within the Court's deadlines.

Plaintiff has failed to present persuasive evidence justifying his tardy disclosure of his expert. Plaintiff's eleventh-hour Affidavit, submitted without an expert report and without allowing Trans Union an opportunity to depose the expert, is simply too late for this Court to consider in reviewing

his opposition to the Motion for Summary Judgment. It would be unfair and prejudicial to consider the Affidavit in determining the Motion for Summary Judgment, and therefore, the Court grants the Motion to Strike to the extent that the Motion seeks to strike the Affidavit for consideration at this point in time. The Court declines, however, to make any ruling as to the propriety of Mr. Lefebvre testifying at trial, or his qualification as an expert. Mr. Lefebvre's qualifications and whether or not District Judge Smith ultimately grants Plaintiff leave to allow him to testify at trial are open issues, which should be dealt with by appropriate motion at some later time.

**Conclusion**

For the reasons stated, Trans Union's Motion to Strike (Document No. 55) is GRANTED in part. The Court strikes Mr. Lefebvre's Affidavit from consideration at the summary judgment stage.

LINCOLN D. ALMOND
United States Magistrate Judge
October 27, 2005