03 027 CNR:SH 11/07/08

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JOHN VALVO

VS C. A. NO. 04 70S

TRANS UNION, LLC

**APPEAL OF MEMORANDUM AND ORDER**

Plaintiff, John Valvo, appeals Magistrate Judge Lincoln D. Almond 's Memorandum and Order of October 27, 2005, which partially granted defendant's motion to strike the affidavit of Richard Lefebvre ("Lefebvre").

Plaintiff objects to the Magistrate Judge's finding that "Plaintiff has failed to present persuasive evidence justifying his tardy disclosure of his expert." This conclusion is erroneous in that it overlooks the degree to which Lefebvre's serious illness affected the plaintiff's ability to obtain his insights about the case and ultimately to disclose Lefebvre as a witness.

During the period from March 10, 2005, when plaintiff's counsel initially wrote to Mr. Lefebvre about the case until June 16, 2005, Lefebvre's poor health and extensive treatment limited communications with plaintiff's counsel. Despite numerous attempts by counsel to contact the witness to review the merits of the matter, it was not until the afternoon of June 16 that the parties were able to discuss the case substantively. Mr. Lefebvre's illness prevented him from reviewing the deposition testimony and documentary evidence earlier. The illness prevented him from becoming sufficiently familiar with the case to be able to confer with counsel prior to June 16.

Counsel has outlined his efforts to communicate with Lefebvre during the three month period before the close of discovery. Although in retrospect, it may have been advisable to inform defense counsel of Lefebvre's identity, this was not done because Lefebvre's opinions about the case were unformed and unknown for such a long period of time. It was not until June 16 that a determination was made that Lefebvre would be of assistance in this case. Due to the

duration of Lefebvre's treatment, it has not been possible to comply with Rule 26(2). Counsel concedes that there may have been a violation of the Rules but asserts that the failure to disclose was excusable under the circumstances.

The cases relied upon by defendant in support of its motion to strike are inappropriate. The cases all deal with egregious discovery violations which occurred at the start of or during the course of trial. Romero vs. American Airlines, 194 F 2d 288 (1st Cir. 1999) 44 Fed R. Serv. 3d (Callaghan) involved a defendant's unexplained attempt to substitute two previously undisclosed witnesses at trial in place of other witnesses at the beginning of trial. The defendant failed to provide an explanation for its failure to disclose the new witnesses previously. In Klonoski vs Mahlab, 156 F 3d 255 (1st Cir. 1998), the Court of Appeals reversed a lower court ruling that allowed the defendant to use letters produced for the first time during cross examination of the plaintiff on the last day of the trial of plaintiff's case to be used for impeachment. The Appellate Court found that the District Court abused its discretion. The Court further characterized the late disclosure as "an egregious breach of discovery orders and the discovery rules". Klonoski, ibid, at p. 274. The conduct in the instant case does not approach that level.

The memorandum and order filed by the Magistrate Judge notes the absence of "persuasive evidence" justifying counsel's disclosure of Lefebvre. This overlooks counsel's attempts to deal with a witness whose energy and availability were curtailed by a devastating illness. Considering the circumstances of the case, the Magistrate Judge's ruling is extremely harsh.

Plaintiff submits that the motion to strike should have been denied and requests that the Magistrate's decision be overturned.

CHARLES N. REDIHAN, JR. (1810)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

TO Kevin C. Glavin, Esq.
Cutcliffe, Glavin & Archetto
155 South Main Street, Suite 300
Providence, RI 02903

Mark E. Kogan, Esq.
Bruce S. Luckman, Esq.
Timothy P. Creech, Esq.
Saltzberg,Trichon,Kogan & Wertheimer,PC
1818 Market St., 30th Floor
Philadelphia, PA 19103

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: November 10, 2005

S. Harrison