**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN VALVO,<br>Plaintiff,<br>v.<br>TRANS UNION LLC,<br>Defendant. | C.A. No: 04-70-S |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S OCTOBER 27, 2005 REPORT AND RECOMMENDATION**

Plaintiff's Objection to the Magistrate Judge's October 27, 2005 Report and Recommendation should be overruled because plaintiff has failed to identify a single issue of fact or legal error by the Court. Plaintiff's instant Objection is limited to the Magistrate Judge's recommendation that the FCRA punitive damages claim be dismissed because there is no issue of fact respecting plaintiff's willfulness claim. The Magistrate Judge correctly determined:

> [plaintiff] has not produced any competent evidence that Trans Union misrepresented or concealed information or otherwise 'knowingly committed an act in conscious disregard' of plaintiff's rights. (Dkt. #70, p. 14)

The Magistrate Judge's recommendation is well founded and supported by established precedent. See Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993); Cousin v. Trans Union Corp., 246 F.3d 359, 372 (5th Cir. 2001) and Richardson v. Fleet Bank of Massachusetts, 190 F.Supp. 2d 81, 89 (D. Mass 2001). Moreover, the Magistrate Judge carefully considered all of plaintiff's factual allegations, both at oral argument and in the papers.

Plaintiff's Opposition to summary judgment contended that he "satisfied" his burden on "willfulness" for two reasons: 1) the reinvestigation operator who processed plaintiff's dispute was a temporary employee and only a portion of his work was subject to quality control; and 2) an unknown Trans Union employee allegedly hung-up on plaintiff when plaintiff called the company. (See Dkt. #49, p. 9) The instant appeal focuses exclusively upon the reinvestigation issue: "Whether Trans Union's continued use of an ***investigatory*** system with such minimal oversight and quality control provisions constitutes a willful violation of the FCRA." (Plaintiff's Objection, Dkt. 72, p.3)(emphasis supplied) The transcript pages recently filed by plaintiff are from the deposition of Eileen Little, the Group Manager of Trans Union's Consumer Relations reinvestigation department. (See Dkt.#71)

In a nutshell, plaintiff claims that Trans Union's system is not perfect because Trans Union does not supervise or quality control review 100% of its reinvestigation operators' work product. The Magistrate Judge correctly rejected plaintiff's contention for two reasons. First, the Magistrate Judge noted that even plaintiff conceded "that a single mistake is not sufficient to create a genuine issue of material fact as to willfulness." (Dkt # 70, p. 14)

Moreover, the FCRA is not a strict liability statute. Sarver v. Experian Information Solutions, 390 F.3d 969, 971 (7th Cir. 2004); (citing Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994))(FCRA "`does not make reporting agencies strictly liable for all inaccuracies'") A consumer reporting agency's FCRA obligation is to maintain reasonable procedures, not perfect ones. Anderson v. Trans Union, et al, 367 F. Supp. 2d 1225; 2005 U.S. Dist. LEXIS 8095 (W.D.WI 2005) 15 U.S.C. §1681(b); §1681i(a)(5)(C); Sarver, 390 F.3d at 972 ("given the complexity of the [consumer credit reporting] system and the volume of information

involved, a mistake does not render the procedures unreasonable"). In Anderson, *supra*, the Court noted:

> Defendant's failure to catch the inaccurate notation that was imported into plaintiffs' Visa account and the human error that resulted in the incomplete correction of its records on January 8, 2003 do not show that its procedures were unreasonable. 367 F.Supp at ___; LEXIS at pp. *26-27.

In Casella v. Equifax Credit Info. Servs., 56 F.3d 469 (2nd Cir. 1995)(Frank J. Coffin sitting by designation), the Court of Appeals, citing long established FCRA punitive damages principles, affirmed the trial court's grant of summary judgment stating as follows:

> [Defendants'] course of conduct does not support the kind of 'conscious disregard' or 'deliberate and purposeful' actions necessary to make out a claim for willful noncompliance under the FCRA. 56 F.3d at 476 (citations omitted).[1]

---

[1] In Cousin v. Trans Union Corp., 246 F.3d 359, 375-376 (5th Cir. 2001), *cert denied.*, the Fifth Circuit vacated and rendered a jury's punitive damages verdict, stating:

> "Malice or evil motive need not be established for a punitive damages award, but the violation must have been willful." Fischl v. General Motors Acceptance Corp., 708 F.2d 143, 151 (5th Cir.1983). In Pinner [v. Schmidt, 805 F.2d 1258 (5th Cir. 1991)], we noted that "willful" is a word of many meanings and that its construction is often influenced by its context. *See* Pinner, 805 F.2d at 1263. In concluding that the consumer reporting agency in that case did not commit a willful violation, we remarked that there was no evidence suggesting that the agency "knowingly and intentionally committed an act in conscious disregard for the rights of others." Id.; see also Philbin, [*supra*] 101 F.3d at 970; Stevenson, 987 F.2d at 293. Generally, courts have allowed a willful noncompliance claim to proceed where a defendant's conduct involves willful misrepresentations or concealments. See Pinner, 805 F.2d at 1263. In those cases, a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer. See id. (discussing Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829 (8th Cir.1976)); see also Stevenson [v. TRW, Inc., 987 F.2d 288, 294 (5th Cir. 1993)].

The Magistrate Judge correctly found that, accepting plaintiff's averments as true, he still failed to adduce sufficient evidence of to meet his FCRA willfulness burden. In fact, the Magistrate Judge noted:

> ...Plaintiff's counsel conceded that the one act complained of was insufficient to show a willful violation, but argued that the entire picture demonstrated the requisite willfulness. Looking at the entire picture, however, it indicates just the opposite: specifically, the entire picture shows the vast majority of the disputed items [seven of eight] were removed from plaintiff's credit report. (Dkt #70, pp. 14-15)

Plaintiff's Objection makes the very same unfounded assertions made in his original Opposition and at oral argument. Instantly, he relies upon a single case from the Middle District of Alabama, Barron v. Trans Union, 82 F.Supp 2d 1288 (M.D.AL 2000), DeMent, J. Putting aside whether that case constitutes precedent in this Court, Judge DeMent essentially reversed himself nine months later in Parker v. Parker, Trans Union et al, 124 F.Supp.2d 1216 (M.D. AL 2000). In Parker, Judge DeMent granted Trans Union's motion for summary judgment on punitive damages citing the same case relied upon by the Magistrate Judge instantly:

> In the instant case, there is no evidence of "willful misrepresentations or concealment." Pinner, 805 F.2d at 1263; Stevenson v. TRW, Inc., 987 F.2d 288, 294 (5th Cir.1993). Defendants promptly furnished Plaintiff with his file disclosure upon request, and did not conceal any information contained therein from Plaintiff. (Mem. at 15; Compl. ¶ 76.) Unlike in Collins, *supra*, there was no attempt by Defendants to willfully conceal derogatory information. 410 F.Supp. at 931.
> Parker, *supra*, 124 F.Supp.2d at 1226

The Magistrate Judge's application of the law to the meager facts submitted by plaintiff here is correct and consistent with virtually every court of appeals decision. Therefore, it is

respectfully submitted that the Recommendation ought to be accepter in full and adopted and the Objection overruled.

Finally, plaintiff suggests that his Objection is somehow different than his Opposition before the Magistrate Judge. (He cryptically states he is challenging, not the "re-investigation of plaintiff's claim per se but on the verification procedures." Dkt# 72, p. 2.) This *non sequitur* presents a distinction without a difference. Plaintiff's actual assertions instantly are exactly the same as his previous arguments. The deposition pages recently filed all concern Trans Union's reinvestigation procedures. It is not entirely clear whether plaintiff intended to insert new arguments or to simply re-categorize his prior assertions. In either event, a review of the Magistrate's Report by a District Judge does not permit consideration of issues not raised before the magistrate:

> Appellant tells us that Rule 72(b)'s requirement of a "de novo determination" by the district judge means that an entirely new hand is dealt when objection is lodged to a recommendation. That is not so. At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. *Accord* Borden v. Secretary of HHS, 836 F.2d 4, slip op. at 4 (1st Cir. 1987).

Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990-991 (1st Cir. 1988); *see also* Fireman's Ins. Co. v. Todesca Equip. Co., 310 F.3d 32, 38 (1st Cir. 2002)

Despite his introduction, Plaintiff has not articulated a "new" argument and his assertions and support appear consistent with those previously rejected. To the extent anything contained

in his Objection contains new issues not previously raised, Trans Union submits the arguments ought to be rejected. See Paterson-Leitch, *supra*.

**CONCLUSION**

For all the foregoing reasons and authorities above, Trans Union respectfully requests that the well-reasoned Report and Recommendation of Magistrate Judge Almond be accepted and adopted and plaintiff's claim for punitive damages be dismissed.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: November 30, 2005

**CERTIFICATION**

I hereby certify that on this 1st day of December, 2005, I mailed a true copy of the within to Charles N. Redihan, Jr, Esquire, KIRENAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903.