**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN VALVO, Plaintiff, v. TRANS UNION LLC, Defendant. | C.A. No: 04-70-S |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S APPEAL OF MEMORANDUM AND ORDER TO STRIKE AFFIDAVIT**

Plaintiff's "Appeal" of the Magistrate Judge's Order striking the LeFebvre Affidavit should be denied. Trans Union moved to strike the Affidavit on the grounds LeFebvre was not timely or properly identified under Rule 26[1] or in response to Trans Union's written discovery requests. (No report has ever been served.) Plaintiff's original Opposition (Docket #60), effectively conceded that there was no basis to oppose the objection to the Affidavit at the summary judgment stage – there was no reference to summary judgment in that Opposition. The Magistrate Judge correctly struck the Affidavit because of the clear prejudice to Trans Union:

[1] Rule 26. General Provisions Governing Discovery; Duty of Disclosure, provides in pertinent part:

> 2) Disclosure of Expert Testimony.
>
> (A) In addition to the disclosures required by paragraph (1), **a party shall disclose** to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure **shall,** with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . **be accompanied by a written report** prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [requirements to disclose information and documents considered; any exhibits to be used; and qualifications, resume and compensation omitted](emphasis supplied)

> Plaintiff's eleventh-hour Affidavit, submitted without an expert report and without allowing Trans Union an opportunity to depose the expert, is simply too late for this Court to consider in reviewing his Opposition to the Motion for Summary Judgment. (Dkt. #69, pp. 2-3)

Further, the Magistrate Judge's ruling was proper because plaintiff failed to justify his defaults:

> Plaintiff's entire argument, however, focuses on [the witnesses] personal situation, including his recent illness, and does not explain Plaintiff's own inaction, or why plaintiff did not make any efforts to make a partial, even if incomplete disclosure or report with the Court's deadlines. (Dkt. #69, p. 2)

Plaintiff never explained how the witness' illness prevented plaintiff from disclosing the witness, asking for more time or finding another witness. Plaintiff admits he never spoke with this particular witness before. LeFebvre had no special knowledge about this case, prior relationship with plaintiff or his counsel which created a special circumstance preventing plaintiff from acting or seeking another witness.

With respect to pre-trial orders such as the ruling to strike the affidavit in connection with the summary judgment proceedings: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law." 28 USCS § 636(b)(1)(a). Here, plaintiff failed to demonstrate that the Magistrate Judge's ruling was "clearly erroneous or contrary to law." On the contrary, plaintiff merely claims the ruling is "too harsh" which is not a standard which is applicable (or statement which is accurate here). Simply stated, plaintiff never attempts to

explain his defaults or how Trans Union could have avoided prejudice at the summary judgment stage resulting from the late and defective disclosure. Therefore, the "appeal" should be denied.

**CONCLUSION**

For all the foregoing reasons and authorities above, Trans Union respectfully requests that plaintiff's Appeal be denied.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: ~~November~~ December 5, 2005

**CERTIFICATION**

I hereby certify that on this 5 day of December, 2005, I mailed a true copy of the within to Charles N. Redihan, Jr., Esquire, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903.

______________________