SCANNED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO,<br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No: 04-70-S |

**TRANS UNION LLC'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY AND IMPROPER IDENTIFICATION OF RICHARD LeFEBVRE**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, moves, pursuant to Fed.R.Civ.P. 26 and 37(c) to strike plaintiff's identification of Richard LeFebvre as a witness at trial for failure to timely identify the witness in response to specific discovery responses or under Fed.R.Civ.P. 26, failure to identify LeFebvre as an expert or to serve a report, and for the reasons and authorities for this motion is set forth more fully in the attached Memorandum of Law.

81

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: January 12, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN VALVO, Plaintiff, | ) | |
| v. | ) | C.A. No: 04-70-S |
| TRANS UNION LLC, Defendant. | ) | |

**TRANS UNION LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S UNTIMELY AND IMPROPER IDENTIFICATION OF RICHARD LeFEBVRE**

**INTRODUCTION:**

Trans Union respectfully moves this Court to preclude plaintiff from calling Richard LeFebvre at trial for failure to timely or properly identify the witness.

This Court's original April 20, 2004 Pretrial Order called for discovery to close and dispositive motions to be filed on or before October 20, 2004. (Docket #8) The parties sought three additional extensions which the Court approved, extending discovery and dispositive motions to June 20, 2005. (Docket #s18, 19, 27, 28, 33 and 34) Despite Trans Union's specific discovery requests and the automatic disclosure requirements of Rule 26a(2), plaintiff failed to identify Richard LeFebvre as a ***witness*** until he served his purported "Supplemental Answers to Defendant's Interrogatories" **dated June 20, 2005, the very last day of discovery** as extended. LeFebvre was not and has **never** been identified as an ***expert*** witness. Consistent with the failure to call him an expert, no report or resume has been received as of this date, despite Trans

Union's successful August 2005 motion to have the witness' untimely affidavit stricken from the summary judgment proceedings. (Dkts #55, 69 and 79)[1]

Moreover, despite repeated request since oral argument on January 5, 2006, plaintiff's counsel has failed to inform Trans Union whether LeFebvre is well enough or able to appear for a deposition ***if*** this Motion is denied. (See written requests and Declaration of Bruce S. Luckman, Exhibits "A" and "B" hereto) Trans Union sought the information because if LeFebvre is not available, the instant motion would be unnecessary and a waste of the Court's time. Plaintiff's counsel's failures to submit a report or even disclose whether the witness can testify are inexcusable. For the foregoing reasons, the witness should be stricken and plaintiff precluded from calling him at trial.

On July 25, 2005, plaintiff filed his "Objection" to Trans Union's motion for summary judgment which included the Affidavit of Richard LeFebvre. ("the LeFebvre Affidavit") Trans Union objected and the Magistrate Judge correctly struck the LeFebvre Affidavit because it was untimely and unfairly prejudicial; this Court affirmed. (Dkts #55, 69 and 79)

Trans Union respectfully submits that LeFebvre as a witness should be stricken outright because of plaintiff's failures which continue to this date. With no expert report and apparently no ability to depose LeFebvre the prejudice to Trans Union of the late and insufficient identification is irreparable. Trans Union is now precluded from knowing LeFebvre's opinions, how he came to his opinions and on what he basis his conclusions. As a result, Trans Union has been and is unfairly and substantially prejudiced in defending this action and in presenting a defense or rebuttal at trial.

---

[1] Counsel for Trans Union has seen Mr. LeFebvre's resume in other cases and is aware LeFebvre has never been qualified as an expert to testify at trial by any federal judge.

**BACKGROUND**:

This action was commenced in March 2004. Trans Union served its written discovery in July 2004. Trans Union's Interrogatories expressly sought information respecting witnesses and expert witnesses. Plaintiff's August 2004 response made absolutely no reference to LeFebvre, and informed only that "no experts have yet been retained". See Interrogatory answers, Trans Union's Motion for Summary Judgment, Exhibit "5" (Dkt#38, Exhibit "5")

Ten months after plaintiff's original response and on the last day of discovery, plaintiff served his purported Supplemental Answer to Interrogatories which first "identified" Mr. LeFebvre, but not as an expert:

> Interrogatory 17. Identify every person you intend to call as a witness at trial, **including expert witnesses,** and identify every person known to you that has any knowledge about the facts and/or circumstances of the allegations made in your complaint and identify all documents which refer to your response to this interrogatory. (emphasis supplied)
>
> SUPPLEMENTAL ANSWER: I will testify at trial and the following people may testify at trial: ..... Richard LeFebvre, AAA Credit Bureau, Inc. 2532 N. 4th Street, Suite 333, Flagstaff, Arizona 86004. (Exhibit "A" to Trans Union's Motion to Strike, Dkt#69)

Despite Trans Union's Interrogatory requests and plaintiff's obligations under the Rules of Civil Procedure, plaintiff failed to identify Mr. LeFebvre in his initial automatic disclosures, discovery responses, or any other document served prior to the June 20, 2005 discovery cutoff. To this day, plaintiff has not modified his response to identify LeFebvre as an expert or even produced an expert report. Plaintiff will not disclose whether LeFebvre is able to be deposed.

**ARGUMENT**

Plaintiff's continued failure to disclose LeFebvre as an expert witness, to ever provide a report or even to state whether LeFebvre can be deposed, is conduct which is subject to the sanction of preclusion under Rule 37. This particularly true here as the default has been the subject of a successful Motion to Strike. Plaintiff cannot in good faith argue any basis or justification for failing to timely identify LeFebvre or to seek additional time to do so. Most important, plaintiff cannot justify or explain his continuing failure to submit a report, modify his identification LeFebvre or to disclose whether LeFebvre can be deposed. Accordingly, Trans Union submits LeFebvre should be precluded from testifying at trial.

Rule 26. General Provisions Governing Discovery; Duty of Disclosure, provides in pertinent part:

> 2) Disclosure of Expert Testimony.
>
> (A) In addition to the disclosures required by paragraph (1), a party **shall** disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure **shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . **be accompanied by a written report prepared and signed by the witness.** The report **shall** contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [requirements to disclose information and documents considered; any exhibits to be used; and qualifications, resume and compensation omitted](emphasis supplied)

Here, the thrice extended discovery closed on June 20, 2005, the date of plaintiff's woefully incomplete disclosure of Mr. LeFebvre. Long established court of appeals precedent establishes that the witness should be stricken to sanction plaintiff's failure to disclose.

The court of appeals has often explained why sanctions are warranted for failures to disclose. In Romero v. American Airlines, et al., 194 F.3d 288; 1999 U.S. App. LEXIS 26922; 44 Fed. R. Serv. 3d (Callaghan) 1157 (1st Cir. 1999):

> Rule 37(c)(1) provides an exclusionary sanction for failures to disclose witnesses as required by Fed. R. Civ. P. 26: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness . . . not so disclosed." A district court's Rule 37 sanctions decision is reviewed for abuse of discretion. See Barreto v. Citibank, 907 F.2d 15, 16 (1st Cir. 1990) (per curiam). **Here, it is undisputed that Machado and Quidgley were not disclosed in response to plaintiff's interrogatories, as required by Rule 26. American offered no excuse for failing to disclose Machado and Quidgley while discovery was open,** stating only that it was now "forced" to call upon unannounced witnesses since del Valle and Voltaggio, its originally designated witnesses, no longer occupied the same positions they held at the time of the accident. The court noted, however, that del Valle and Voltaggio, regardless of any change in position, were currently employees of American, subject to its control and available to testify. On these facts, we find no abuse of discretion in the court's refusal to allow unannounced witnesses to testify. (emphasis supplied)

Instantly, plaintiff knew the identity of the witness (or "unannounced" expert) in March 2005, months before discovery closed. There can be no reasonable justification for the failure to identify LeFebvre at all before that date or to ask for yet another extension. Discovery was liberally extended by the Court and plaintiff and his counsel had over one year to identify the witness and/or retain an expert. In fact, plaintiff retained LeFebvre earlier in the litigation, but still failed to timely identify him. Plaintiff's counsel admits he contacted LeFebvre in March 2005, and had a "brief telephone conversation" in April 2005 when LeFebvre was retained. (Plaintiff's Counsel's Opposition and Affidavit, DKT#60 & 61, p 2 and Affidavit, paras. 1 and 2)

Plaintiff further admits he did not seek a ***report***, but instead drafted an affidavit in opposition to summary judgment. In violation of the Rules, plaintiff bypassed entirely his disclosure and report duties and continues to do so. To this date, Mr. LeFebvre has not been identified as an "expert" and no report has been served. Plaintiff has not sought to justify or explain why Mr. LeFebvre was identified as a "witness," and not an ***expert*** witness. Of course, the mischaracterization of the witness did not and does not relieve plaintiff of his obligation to submit a timely report. Curiously, with the final pre-trial focus on LeFebvre, plaintiff refuses to inform Trans Union whether LeFebvre is well enough to be deposed. (See Exhibits "A" and "B" hereto) Plaintiff's failures to abide by the Rules or to cooperate are not just **in**excusable neglect, but sanctionable conduct. Either way, there is no "extenuating" circumstance.

In Klonoski v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998), the court of appeals explained:

> Absent some unusual extenuating circumstances . . . the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from trial.

Finally, in Ortiz-Lopez v. Sociedad Espanola, 248 F.3d 29, 35-36 (1st. Cir 2001), the court of appeals discussed a collection of cases which held exclusion sanctions were warranted, all of which make clear that plaintiff's untimely and inadequate identification of Mr. LeFebvre here should be stricken:

> The purpose of a "detailed and complete" expert report as contemplated by Rule 26(a), Fed. R. Civ. P. 26 advisory Committee's note, is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial. See Klonski, 156 F.3d at 269; Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995). See also Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992) (stating that "this sort of disclosure is consonant with the federal courts' desire to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent"). Failure to include information

concerning the retained expert that is specifically required by Rule 26(a)(2)(B) -- such as "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding for years", see Rule 26(a)(2)(B) -- frustrates the purpose of candid and cost-efficient expert discovery.

**As discussed, *infra*, the district court was entitled to conclude on this record, as it did conclude, that plaintiffs' failure to comply with the automatic disclosure rule of Rule 26(a) was both without substantial justification and not harmless.** For this, the district court - after hearing argument from both sides - sanctioned the plaintiffs by excluding their expert testimony entirely, a harsh sanction to be sure, but one that is nevertheless within the wide latitude of the rule. [Footnote omitted] See Fed. R. Civ. P. 37(c) (incorporating Rule 37(b)(2)(B) which authorizes the district court to prohibit the offending party from introducing designated matters in evidence). *See also* Sheek v. Badger, 235 F.3d 687, 694 (1st Cir. 2000)(stating that after the district court made a finding that the defendant failed to supplement its expert report as required by the automatic expert disclosure requirements, under Rule 37(c) the district court could have excluded the expert from testifying entirely - "a sanction well within the district court's scope of discretion" - but chose only to exclude those portions of the expert's testimony based on the undisclosed information); Samos Imex Co. v. Nextel Co., 194 F.3d 301, 305 (1st Cir. 1999) (citing Rule 37(c) as authority for the proposition that **"as amended, the civil procedure rules make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule 26(a)"**); Sears Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming the district court's exclusion under Rule 37(c) of expert testimony because the proffering party failed to disclose the expert's identity in the beginning of the litigation, although the identity was later disclosed); Thibeault, 960 F.2d at 245 (affirming the trial court's preclusion at trial of plaintiff's expert testimony for failure to supplement interrogatories concerning expert's proposed testimony). On this well-developed record indicating that the plaintiffs' disregard of discovery rules was egregious and may have been deliberate and willful, we cannot say this sanction was an abuse of discretion. See Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999)("A district court's rule 37 sanctions decision is reviewed for abuse of discretion."). We, therefore, affirm the district court's ruling excluding plaintiffs' expert testimony under Rule 37(c).(emphasis supplied)

Plaintiff cannot present any extenuating circumstances to explain his failure to timely identify the witness much less his continuing failure to provide a report. The substantial harm and prejudice to Tran Union defending at trial cannot be cured by any reasonable means. Therefore, plaintiff's identification of LeFebvre ought to be stricken from the record and the proposed witness excluded at trial. No other sanction will avoid plaintiff's unfair attempt to litigate by ambush.

**CONCLUSION**

For all the foregoing reasons and authorities, Trans Union respectfully requests that plaintiff's untimely and inadequately identified "expert" by precluded at trial.

Respectfully Submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: January 12 2006

**CERTIFICATION**

I hereby certify that on this 12 day of January, 2006, I mailed a true copy of the within to Charles N. Redihan, Jr., Esquire, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, Rhode Island 02903.

__________________________

# EXHIBIT
# "A"

# KOGAN, TRICHON & WERTHEIMER, P.C.

ATTORNEYS AT LAW

1818 MARKET STREET
30TH FLOOR
PHILADELPHIA, PA 19103-3699

(215) 575-7600

BRUCE S. LUCKMAN
Direct Dial: (215) 575-7622
Facsimile: (215) 575-7688
e-mail: bluckman@mstkw.com

January 5, 2006

**VIA FACSIMILE: 401-331-7123**

Charles N. Redihan Jr, Esquire
Kiernan Plunkett & Redihan
91 Friendship St
Providence, RI 02903
(401) 831-2900

**RE: Valvo v. Trans Union**

Dear Charles:

In connection with the motion discussed in Court this morning, kindly let me know whether Mr. LeFebvre can be deposed, and if so, how soon. Please let us know as soon as possible so we can make the appropriate motion to the Court next week. Thank you.

Very truly yours,

KOGAN, TRICHON, & WERTHEIMER, P.C.

/S/

BRUCE S. LUCKMAN

BSL/yn
*Dictated but not read*

# Confirmation Report – Memory Send

Page : 001
Date & Time: Jan-05-2006 12:12pm
Line 1 : 2155757688
Line 2 : 2155757688
Machine ID : KT&W

| | | |
|---|---|---|
| Job number | : | 346 |
| Date | : | Jan-05 12:11pm |
| To | : | ☎14013317123 |
| Number of pages | : | 001 |
| Start time | : | Jan-05 12:11pm |
| End time | : | Jan-05 12:12pm |
| Pages sent | : | 001 |
| Status | : | OK |

Job number : 346 *** SEND SUCCESSFUL ***

KOGAN, TRICHON & WERTHEIMER, P.C.
ATTORNEYS AT LAW

1818 MARKET STREET
30TH FLOOR
PHILADELPHIA, PA 19103-3699
(215) 575-7600

BRUCE S. LUCKMAN
Direct Dial: (215) 575-7622
Facsimile: (215) 575-7688
e-mail: bluckman@mstkw.com

January 5, 2006

VIA FACSIMILE: 401-331-7123

Charles N. Redihan Jr. Esquire
Kiernan Plunkett & Redihan
91 Friendship St
Providence, RI 02903
(401) 831-2900

RE: Valvo v. Trans Union

Dear Charles:

In connection with the motion discussed in Court this morning, kindly let me know whether Mr. LeFebvre can be deposed, and if so, how soon. Please let us know as soon as possible so we can make the appropriate motion to the Court next week. Thank you.

Very truly yours,

KOGAN, TRICHON, & WERTHEIMER, P.C.

/S/
BRUCE S. LUCKMAN

BSL/yn
*Dictated but not read*

## Bruce Luckman

**From:** Bruce Luckman
**Sent:** Friday, January 06, 2006 4:12 PM
**To:** 'Charles Redihan'
**Cc:** Tara Prete
**Subject:** Valvo

Charles: Given the speed at which Judge Smith intends to move this case, I'd like to get my motion to strike LeFebvre filed ASAP. If unsuccessful, I informed the Court I'd ask in the alternative for more time to take the deposition for a *Daubert* motion and hearing. As such, I need to know if, when and where the deposition can take place. Can you please let us know what the status is for taking his deposition?? Thanks. Have a great weekend. Bruce.

Bruce S. Luckman
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
215.575.7622/fax 215.575.7688

**Bruce Luckman**

**From:** Bruce Luckman
**Sent:** Monday, January 09, 2006 12:23 PM
**To:** 'Charles Redihan'
**Subject:** Valvo - LeFebvre Deposition

Charles: Trans Union's motion to strike LeFebvre must be filed ASAP. In order to do that, I need to know whether the witness is available for deposition. Given the speed at which the Court informed us this matter will come to trial, I must file my motion now. Obviously, if LeFebvre is doing well, I will ask for an immediate deposition if he is not stricken. If he is not able or ready to be deposed (or testify), I don't need to file the motion at all and I don't want to waste the Court's time. Please let me know as soon as possible. Thanks. Bruce.

Bruce S. Luckman
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
215.575.7622/fax 215.575.7688

# EXHIBIT
# "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN VALVO,<br>Plaintiff,<br>v.<br>TRANS UNION LLC,<br>Defendant. | CA No: 04-070S |

**DECLARATION OF BRUCE S. LUCKMAN**

BRUCE S. LUCKMAN, makes the following Declaration pursuant to 28 U.S.C. §1746:

1. I represent Trans Union LLC in the above action (pro hac vice) and I am duly authorized to make this declaration.

2. The communications attached to Trans Union's Motion to Strike Witness as Exhibit "A" are true and correct copies of emails sent by me and a letter faxed by my assistant, dictated by me and with my authorization. Each communication was sent on the date shown on the document.

3. As of the afternoon of Thursday, January 12, 2006, I have not received a response from plaintiff's counsel respecting whether Mr. LeFebvre can be deposed. Accordingly, the Motion to Strike does not make an alternative request for time to depose Mr. LeFebvre.

I declare under penalty of perjury that the foregoing is true and correct.

BRUCE S. LUCKMAN

Dated: January 12, 2006